## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Scholz Design, Inc. | : |
| 3131 Executive Parkway | |
| Toledo, Ohio 43606, | |
|           Plaintiff, | : |
| v. | |
| | : |
| NRT Insurance Agency, Inc., fka | |
| Coldwell Banker Residential Brokerage: | |
| Insurance Agency, Inc., and dba | |
| Coldwell Banker Residential Brokerage | : |
| c/o Corporation Service Company, | |
| Registered Agent | : |
| 84 State Street | |
| Boston, Massachusetts 02109 | : |
| | |
| and | : |
| | |
| Nikki Cappadona | : |
| 932 Lynnfield Street | |
| Lynnfield, MA 01940, | : |
| | |
| and | : |
| | |
| Smith Farm Estates Development Corp. | : |
| c/o Raymond Falite, Registered Agent | |
| 9 Broadway | : |
| Wakefield, MA 01880, | |
| | |
|           Defendants. | |
| | : |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND OTHER RELIEF

Plaintiff Scholz Design, Inc. ("Scholz") complains against Defendants NRT Insurance

Agency, Inc., fka Coldwell Banker Residential Brokerage Insurance Agency, Inc., and dba Coldwell

Banker Residential Brokerage ("Coldwell Banker"), Nikki Cappadona ("Cappadona"), and Smith

Farm Estates Development Corp. ("Smith Farm") (jointly, "Defendants"), as follows:

## INTRODUCTION AND PARTIES

1.      Scholz, formerly known as Scholz Master Builders, Inc., is a Delaware corporation with its principal place of business in Toledo, Ohio.  In 1991, Scholz changed its name from Scholz Master Builders, Inc. to Scholz Design, Inc.

2.      Defendant Coldwell Banker advertised for sale the properties located at 2 Ross Lane, Middleton, MA and 17D Ross Lane, Middleton, MA (the "Properties"), by utilizing unauthorized copies of the copyrighted Scholz Designs at issue herein.

3.      Defendant Nikki Cappadona is the MLS Listing Agent for the Properties. Upon information and belief, Nikki Cappadona is the Vice President of Defendant Coldwell Banker and is therefore Coldwell Banker's authorized agent.

4.      Defendant Smith Farms is the builder advertised by Coldwell Banker and Nikki Cappadona as capable of building houses on the Properties based on the copyrighted Scholz Designs at issue herein.

## JURISDICTION

5.      This Court has personal jurisdiction over each defendant.

6.      This Court has subject matter jurisdiction over this civil action for copyright infringement pursuant to 28 U.S.C. § 1331 and § 1338(a).

7.      Venue is proper pursuant to 28 U.S.C. § 1391 and § 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## COUNT I
### (Copyright Infringement)

8.      Scholz incorporates by reference paragraphs 1 through 7 above.

9. Scholz is engaged in the research, development, creation and sale of architectural home designs and drawings. Scholz has developed a network of licensed or registered builders for Scholz designs. Scholz's home designs are sold internationally and in interstate commerce.

10. Scholz authored architectural designs and drawings entitled the "La Rochelle A 52," also known as the "The La Rochelle A" (herein refereed to as the "LaRochelle Design") and the "Baxter Manor A 46" (hereinafter referred to as the "Baxter Manor Design").

11. The LaRochelle and Baxter Manor Designs are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). Scholz is the author and owner of the copyrights for the LaRochelle and Baxter Manor Designs. Scholz possesses the exclusive rights described in 28 U.S.C. § 106 with respect to such copyrights.

12. Scholz has complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to the LaRochelle and Baxter Manor Designs. Scholz has applied for and received from the Register of Copyrights the appropriate Certificates of Copyright Registration for the LaRochelle and Baxter Manor Designs. True and accurate copies of the Certificates of Copyright Registration for the LaRochelle and Baxter Manor Designs are attached as **Exhibits A and B** respectively.

13. To register its copyright in the LaRochelle Design, Scholz submitted to the U.S. Copyright Office a coversheet plus fifteen additional sheets of blueprints, all of which constituted technical drawings. A true and accurate copy of the LaRochelle coversheet, which is an abridged version of the LaRochelle Design blueprints, is attached as **Exhibit C.** To register its copyright in the Baxter Manor Design, Scholz submitted to the U.S. Copyright Office a coversheet

plus twenty-one additional sheets of blueprints, all of which constituted technical drawings. A true and accurate copy of the Baxter Manor coversheet, which is an abridged version of the Baxter Manor Design blueprints, is attached as **Exhibit D**. The complete LaRochelle and Baxter Manor deposits submitted to the copyright office, other than the coversheets, are not attached hereto due to their size.

14.     Commencing on the date of first publication, and consistently thereafter, the LaRochelle and Baxter Manor Designs have been published by Scholz in conformity with the copyright laws of the United States.

15.     Without Scholz's prior knowledge or permission and after Scholz obtained the Certificate of Copyright Registration for the LaRochelle and Baxter Manor Designs, Defendants prepared, or induced, caused, or materially contributed to the preparation of, certain architectural drawings by copying the LaRochelle and Baxter Manor Designs. Defendants then used the LaRochelle and Baxter Manor Designs and otherwise induced, caused, or directed the wrongfully copied LaRochelle and Baxter Manor Designs to be used for marketing and advertising on numerous websites (hereinafter referred to as the "Websites"). Specifically, Defendants marketed and advertised via at least forty Websites the ability to build the LaRochelle Design at 2 Ross Lane, Middleton, MA. Defendants also marketed and advertised via at least forty-seven Websites the ability to build the Baxter Manor Design at 17D Ross Lane, Middleton, MA. A list of all known Websites through which Defendants advertised the LaRochelle and Baxter Manor Designs is attached hereto as **Exhibit E**. Copies of various pages from the Websites containing the copyrighted Scholz Designs at issue are collectively attached hereto as **Exhibit F**.

16.     Upon information and belief, Defendants worked jointly in placing the wrongfully copied LaRochelle and Baxter Manor Designs on the Websites.

-4-

17.     Upon information and belief, Defendants may have used, reproduced, displayed, distributed, marketed or advertised the LaRochelle and Baxter Manor Designs to the public by means other than the internet.

18.     Upon information and belief, Defendants Coldwell Banker and Nikki Cappadona may have used, reproduced, displayed, distributed or advertised Scholz designs other than the LaRochelle and Baxter Manor Designs.

19.     Defendants' actions violate Scholz's exclusive copyrights in the LaRochelle and Baxter Manor Designs, and those actions constitute an infringement of Scholz's copyrights under 17 U.S.C. § 101, *et seq.*

20.     Defendants' copyright infringement was knowing, willful and intentional.

21.     Defendants' actions have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

22.     During the pendency of this action, and permanently thereafter, Defendants should be enjoined and restrained from copying, preparing derivative works based upon, or otherwise infringing upon, directly or indirectly, Scholz's copyrights in the LaRochelle and Baxter Manor Designs, and all other Scholz copyrighted materials.

23.     Scholz is entitled to recover all damages suffered as a result of Defendants' wrongful acts, including but not limited to profits obtained by Defendants as a result of their wrongful acts and the loss of profits sustained by Scholz. In the alternative, Scholz is entitled to recover statutory damages in an amount to be determined by the Court. Scholz is also entitled to recover all reasonable attorney's fees, court costs and interest on said damages from the date of Defendants' infringement.

## COUNT II
**(Lanham Act)**

24.     Scholz incorporates paragraphs 1 through 23 above.

25.     Defendants' actions constitute a violation of the Lanham Act under 15 U.S.C. § 1125 including, but not limited to, claims for false advertising in the form of passing off of Scholz's LaRochelle and Baxter Manor Designs as if Defendants were affiliated with Scholz and were authorized to utilize said Designs, which they were not.

26.     Defendants used, reproduced, displayed, distributed, marketed, offered for sale and advertised Scholz's LaRochelle and Baxter Manor Designs by copying the LaRochelle and Baxter Manor Design coversheets and using them to market Smith Farm's ability to build the LaRochelle Design at 2 Ross Lane, Middleton, MA, and the Baxter Manor Design at 17D Ross Lane, Middleton, MA, via the Websites. *See* Exhibits E and F.

27.     Defendants have used the Scholz Designs in commerce for commercial advertising or promotion, and have falsely designated their affiliation with Scholz, which is likely to cause confusion or mistake as to the origin, sponsorship, or authorization of Defendants' use of the Scholz Designs. *See* Exhibits E and F.

28.     Upon information and belief, Defendants have derived profit and have been unjustly enriched as a direct and proximate result of their actions.

29.     Defendants' actions in violation of the Lanham Act have caused, and will continue to cause, irreparable damage to Scholz for which there exists no adequate remedy at law.

30.     During the pendency of this action and permanently thereafter, Defendants should be enjoined and restrained from directly or indirectly using any Scholz design in any manner that is prohibited by the Lanham Act.

31.     Scholz is entitled to all legal and equitable relief provided by the applicable law, including, but not limited to, 15 U.S.C. § 1117. That relief includes but is not limited to injunctive relief, monetary damages in an amount up to three times the actual damages sustained by Scholz as a result of Defendants' actions and as determined by this Court as guided by the principles of equity, all profits obtained by Defendants as a result of their actions, the costs of this action, and reasonable attorney's fees incurred by Scholz in this case.

WHEREFORE, Plaintiff Scholz Design, Inc. demands judgment as follows:

A.     On Count I, a preliminary and permanent injunction under 17 U.S.C. § 502 restraining Defendants and their respective agents, along with those in active participation with Defendants, from copying, preparing derivative works based upon, or otherwise directly or indirectly infringing upon the Scholz Designs by copying, preparing derivative works based upon or otherwise improperly using same;

B.     On Count I, a monetary judgment against Defendants, jointly and severally, under 17 U.S.C. § 504 for Scholz's damages and the profits derived by Defendants from their unauthorized use of the Scholz Designs and infringements upon Scholz's copyrights in same; or, in the alternative, statutory damages in an amount to be determined by the Court under 17 U.S.C. § 504 based upon Defendants' intentional, willful and deliberate copyright infringements;

C.     On Count I, an award of all reasonable attorney's fees and costs incurred by Scholz in pursuit of its copyright infringement claims, along with interest and all damages from the date of Defendants' infringements in accordance with 17 U.S.C. §505; and

D.     On Count II, a preliminary and permanent injunction restraining Defendants and their respective agents, along with those in active participation with Defendants, from directly or indirectly using the Scholz Designs in any manner prohibited by 15 U.S.C. § 1125;

E.      On Count II, all monetary damages authorized by the applicable law including, but not limited to, 15 U.S.C. § 1117.  Those monetary damages include but are not limited to an amount up to three times the actual damages sustained by Scholz as a result of Defendants' actions and as determined by this Court as guided by the principles of equity, all profits obtained by Defendants as a result of their actions, the costs of this action and reasonable attorney's fees incurred by Scholz in this action; and

F. All other legal and equitable relief as the Court deems just and appropriate.

### JURY DEMAND

Scholz demands a jury trial.

Respectfully submitted,

*/s/ Holly Polglase*
Holly M. Polglase, Esq., BBO #553271
Dana K. Etre, Esq., BBO #677909
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, Massachusetts 02129
Telephone:  (617) 241-3000
Fax:  (617) 241-5115
Email:  hpolglase@campbell-trial-lawyers.com
        detre@campbell-trial-lawyers.com

*Of Counsel:*
James L. Rogers (0039743)
Tiffany E. Cavanaugh (0080982)
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
Email:  jlrogers@eastmansmith.com
        tecavanaugh@eastmansmith.com

Attorneys for Plaintiff